IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TEMEG HOLDINGS, INC., | ) | |
| | ) | CASE NO. 5:26-cv-00018 |
| *Plaintiff*, | ) | |
| | ) | CHIEF JUDGE SARA LIOI |
| v. | ) | |
| | ) | MAGISTRATE JUDGE CARMEN E. |
| GEM SPECIALTY HEALTH, INC., | ) | HENDERSON |
| | ) | |
| *Defendant.* | ) | |

**FIFTH JOINT STATUS REPORT**

Pursuant to the Second Case Management Plan ("CMP," Doc. No. 24), the parties submit this Fourth Joint Status Report.

**I. DISCOVERY**

The parties have exchanged written discovery requests including interrogatories, document requests and requests for admission. Defendant substantially completed its document production subject to any necessary supplementations.

**Defendant's Position:** On October 5, 2026, Defendant sent Plaintiff a discovery deficiency letter identifying necessary supplemental and amended discovery in Plaintiff's written discovery responses and document production. Plaintiff has not responded. These discovery issues must be resolved before depositions can proceed.

Following the Court's entry of the parties' extended schedule and Plaintiff's awaited document production, Defendant emailed Plaintiff on September 29 seeking the availability and locations of Plaintiff's witnesses for deposition. Plaintiff responded that it would provide dates and asked for dates for Defendant's witnesses. On October 5, Defendant sent Plaintiff its

witnesses' availability and locations and again asked for the same information for Plaintiff's witnesses. Defendant followed up on October 14 and again on October 19. Plaintiff has not responded regarding its witnesses or attempted to schedule depositions for Defendant's witnesses.

Due to Plaintiff's delay, Defendant does not anticipate being able to complete fact depositions by the current November 12 fact discovery deadline. Plaintiff has identified seven current or former employees with relevant knowledge and Defendant identified six current or former employees with relevant knowledge. All thirteen of these depositions will require travel to multiple states for one or both sets of counsel if they are taken in person (as opposed to remote). Given other case commitments (e.g., Defendant's counsel has a mediation in Minneapolis on October 28), the outstanding supplemental and amended discovery from Plaintiff, and the less than three weeks remaining in the fact discovery period, it is unlikely that all fact depositions can be completed by November 12.

**Plaintiff's Position:** Plaintiff is in the process of making a third document production, which it believes will be its last. Defendant has repeatedly sought to clarify interrogatory answers and documents related to responses. The parties simply have a disagreement as to the answers given to interrogatories and responses to document requests. The information Defendant seeks, in almost all circumstances are better suited for deposition than for repeated requests to clarify information. Plaintiff notes that if Defendant has issues with Plaintiff's discovery that limits its ability to take depositions, Defendant long ago should have followed Local Rule 37, yet it has not. Plaintiff's position is, after the third document production, Defendant should take any deposition it seeks or reach out and proceed along the lines of Local Rule 37.

## II. SETTLEMENT DISCUSSIONS

Currently, there are no active discussions regarding mediation.

At Defendant's request, business leads for the parties engaged in an informal business-to-business discussion regarding possible settlement that did not resolve the case.

On October 6, 2026, Defendant sent Plaintiff proposed terms for a settlement under Federal Rule of Evidence 408. Defendant followed up on October 19. Plaintiff responded on October 23, 2026.

## III. MOTIONS

None pending.

## IV. ANTICIPATED DEVIATIONS FROM CASE SCHEDULE

**Defendant's Position:** As discussed above, it appears that Plaintiff's delay in supplementing/amending its discovery and scheduling depositions will require another extension to the fact discovery deadline, which in turn will likely require extensions to the subsequent deadlines. Input from Plaintiff is needed regarding its witnesses' availability and necessary travel to determine a new fact discovery deadline and avoid further extensions. Just today, Plaintiff provided the location of its witnesses but still has not provided their availability for depositions. Therefore, at this time, the parties are unable to identify the soonest date by which fact discovery can be completed. Defendant does not agree to Plaintiff's proposal to extend fact discovery until the current close of expert discovery on January 20, 2027, while keeping the current expert deadlines the same. Such a scenario would allow key fact discovery to be produced after the service of expert reports and even the depositions of experts, which would lead to prejudice and inefficiencies to amend expert reports and re-depose expert witnesses. The

more prudent course is for Plaintiff to identify the availability of its fact witnesses to allow the soonest, meetable fact discovery deadline to be set before the subsequent deadlines for experts.

Defendant also disagrees with Plaintiff's interpretation of the current expert deadlines. The November 25 deadline is for "Party(ies) with the Burden of Proof to Identify Experts(s) and Provide Reports in Compliance with Civil Rule 26(a)(2)." It is undisputed that Plaintiff bears the burden of proof on all issues. Therefore, the November 25 deadline does not apply to Defendant because it does not have the burden of proof on any issues. Plaintiff's choice to forego burden of proof experts on the November 25 deadline is an attempt to consider Defendant's evidence before serving Plaintiff's expert reports to obtain the last word on issues for which Plaintiff bears the burden of proof. The Court's sequence of expert reports did not provide for reply reports following rebuttal reports and did not allow Plaintiff to have the last word on its issues, particularly if Plaintiff chooses not to submit expert reports on the burden of proof deadline. The language from Rule 26 that Plaintiff quotes herein only applies "[a]bsent a stipulation or a court order," and therefore, does not apply in this case where the Court's Case Management Plan provides the number and sequence of expert reports. Defendant joins Plaintiff's request for clarity from the Court on this issue.

In any event, Defendant does not agree to a fact discovery deadline after the service of any expert reports and expert discovery. Defendant requests a new fact discovery deadline on the soonest, meetable date before the expert deadlines, which may need to be extended depending on the availability of Plaintiff's witnesses. Defendant cannot serve an expert report on the issues for which Plaintiff bears the burden of proof before Defendant has the opportunity to depose Plaintiff's fact witnesses. Defendant requests a status conference to discuss these

issues and determine a meetable schedule or confirmation that the Court would like the parties to address these issues through letters under Local Rul 37.1.

**Plaintiff's Position:** In order to not deviate from the dates that affect the Court, Plaintiff proposes extending the fact discovery deadline to coincide with the expert discovery deadline, which is January 20, 2027. At this point, Plaintiff does not foresee having an expert in this case but would have expert(s) in rebuttal should Defendant have expert(s).

Plaintiff also requests the Court's guidance on the sequencing of expert disclosures under the CMP. Both parties agree that Plaintiff bears the burden of proof on its trademark infringement claims, and Defendant's declaratory judgment counterclaim seeking a declaration of non-infringement is the mirror image of those claims and does not shift that burden to Defendant. Because Plaintiff does not presently intend to disclose an affirmative expert on infringement, any expert opinion Defendant may offer on infringement, non-infringement, or likelihood of confusion (including any consumer survey) would not "contradict or rebut evidence on the same subject matter identified by another party" within the meaning of Fed. R. Civ. P. 26(a)(2)(D)(ii), but would instead constitute affirmative expert evidence supporting Defendant's theory of the case and its counterclaim. To avoid a dispute at the close of expert discovery, Plaintiff respectfully requests that the Court confirm that (a) any expert Defendant intends to offer on infringement, non-infringement, or likelihood of confusion must be identified, and his or her report served, by the November 25, 2026 deadline for parties with the burden of proof; and (b) Plaintiff may identify rebuttal expert(s) and serve rebuttal reports by the January 6, 2027 rebuttal deadline in response to any expert so disclosed by Defendant. Alternatively, if the Court concludes that Defendant bears the burden of proof on its counterclaim, the result is the same:

Defendant's expert disclosures would be due November 25, 2026, and Plaintiff's rebuttal disclosures January 6, 2027.

The parties will submit their next status report on or before December 4, 2026.

Dated: October 26, 2026

*s/John M. Skeriotis*
EMERSON, THOMSON & BENNETT, LLC
John M. Skeriotis (Ohio Bar #0069263)
jms@etblaw.com
Sergey Vernyuk (Ohio Bar # 0089101)
sv@etblaw.com
1914 Akron-Peninsula Rd.
Akron, Ohio 44313
(330) 434-9999 – Telephone
(330) 434-8888 – Facsimile

*Attorneys for Plaintiff*

*s/Laura L. Myers*
FREDRIKSON & BYRON, P.A.
Laura L. Myers (admitted *pro hac vice*)
LMyers@fredlaw.com
60 South 6th Street, Suite 1500
Minneapolis, MN 55402-4400
(612) 492-7000 – Telephone

PORTER WRIGHT MORRIS & ARTHUR LLP
Tracey L. Turnbull (No. 0066958)
tturnbull@porterwright.com
950 Main Avenue, Suite 500
Cleveland, OH 44113
(216) 443-9000 – Telephone

*Attorneys for Defendants*