EMERSON THOMSON BENNETT

INTELLECTUAL PROPERTY LAW
Patent, Trademark, Copyright and Internet Law

1914 Akron-Peninsula Rd., Akron, OH 44313 ■ P: 330.434.9999 ■ F: 330.434.8888 ■ www.etblaw.com
3841B Attucks Dr., Columbus, OH 43065-6082 ■ P: 330.434.9999 ■ F: 330.434.8888

November 6, 2026

The Honorable Sara Lioi
Chief Judge, United States District Court
Northern District of Ohio
John F. Seiberling Federal Building and U.S. Courthouse
Two South Main Street, Room 526
Akron, Ohio 44308-1811

**VIA CM/ECF**

**Re: Plaintiff's Letter Brief on Expert Disclosure Sequencing**
*TEMEG Holdings, Inc. v. GEM Specialty Health, Inc.*
Case No. 5:26-cv-00018-SL (N.D. Ohio)
Our File: 43554.50006

Dear Chief Judge Lioi:

Pursuant to the Court's Minute Order of October 30, 2026, Plaintiff TEMEG Holdings, Inc. ("TEMEG") submits this letter brief on the parties' dispute concerning rebuttal experts under the Second Case Management Plan and Trial Order (Doc. No. 24) (the "CMP"). TEMEG has disclosed that it does not presently intend to offer an affirmative expert on infringement or likelihood of confusion. (Doc. No. 25 at 5.) Defendant GEM Specialty Health, Inc. ("GSH") nonetheless contends that it may withhold its own expert on those issues until the January 6, 2027 "rebuttal" deadline—when there would be no expert opinion for its expert to rebut, and no date left in the schedule on which TEMEG could respond. (*See id.* at 4.) This Court settled the governing principle earlier this year in *Prida v. Option Care Enterprises, Inc.*, No. 5:23-cv-905, 2026 WL 1382394 (N.D. Ohio May 18, 2026), construing the identical form language that appears in the CMP here. Under *Prida* and the plain text of Rule 26(a)(2)(D)(ii), an expert report that does not respond to another party's expert disclosure is not a rebuttal report. It is affirmative expert evidence, and it belongs on the first expert deadline—here, November 25, 2026.

## I. THE CMP ESTABLISHES A TWO-STEP SEQUENCE: AFFIRMATIVE REPORTS, THEN REBUTTAL REPORTS.

The CMP sets two expert-disclosure deadlines, each expressly tied to Rule 26(a)(2): a November 25, 2026 deadline for "Party(ies) with Burden of Proof to Identify Experts(s) and Provide Reports in Compliance with Civil Rule 26(a)(2)," and a January 6, 2027 deadline "to Identify Rebuttal Experts(s) and Provide Reports in Compliance with Civil Rule 26(a)(2)." (Doc. No. 24, ¶¶ (4)–(5).) Expert discovery closes January 20, 2027, and dispositive motions are due February 19, 2027. (*Id.* ¶¶ (6)–(7).)

GSH is correct that the CMP, rather than the default timing in Rule 26(a)(2)(D)(i) and (ii), governs *when* expert disclosures are due: "[a] party must make these disclosures at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D); *Prida*, 2026 WL 1382394, at

*13. But the CMP does not define "rebuttal" differently from the Rule; it incorporates the Rule's categories by requiring reports "in Compliance with Civil Rule 26(a)(2)." A rebuttal expert is therefore one whose evidence "is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C)." Fed. R. Civ. P. 26(a)(2)(D)(ii). That is exactly how the Court read the identical "Rebuttal Experts" deadline in *Prida*. 2026 WL 1382394, at *12–13. The CMP thus provides for two kinds of expert reports in a fixed sequence—affirmative reports first, rebuttal reports second—and for nothing else.

## II. <u>UNDER *PRIDA*, A REPORT THAT DOES NOT REBUT AN OPPOSING EXPERT IS NOT A REBUTTAL REPORT.</u>

In *Prida*, the defendant elected not to retain an expert on its undue-hardship defense. The plaintiff then served an expert report on the rebuttal deadline, characterizing it as a "rebuttal" to that defense. The Court struck the report. It explained that rebuttal reports "must be directly responsive to an opponent's expert's opinions," and that where the opposing party has retained no expert, "[i]t is therefore not possible for the . . . [r]eport to be properly identified as a rebuttal expert report," because the report "cannot address 'the same subject matter' as [the opponent's] report, nor can it be 'intended solely to contradict or rebut' that report, when there is no expert report to rebut." 2026 WL 1382394, at *12. The Court also recognized that a rebuttal report responds to the opposing party's expert report, not to its claims. *Id.* (collecting cases). And it held that a party "may not evade the expert report deadline by improperly recategorizing [its] expert report as a rebuttal expert report." *Id.*

That reasoning decides this dispute. GSH has indicated that it intends to serve an expert report "on the issues for which Plaintiff bears the burden of proof"—that is, on infringement and likelihood of confusion. (Doc. No. 25 at 4.) TEMEG has disclosed that it does not presently intend to offer an affirmative expert on those issues. (*Id.* at 5.) Whatever form GSH's expert evidence takes—a likelihood-of-confusion analysis, a consumer survey, or otherwise—there will be no TEMEG expert opinion for GSH's expert to "contradict or rebut." It would instead be affirmative expert evidence supporting GSH's non-infringement defense and its mirror-image counterclaim. Under *Prida*, such a report is not a rebuttal report, and it cannot be made one by serving it on the rebuttal deadline. The principle does not change depending on which party invokes it.

## III. <u>GSH'S "BURDEN OF PROOF" ARGUMENT DOES NOT CHANGE THE RESULT.</u>

GSH's response is that the November 25 deadline applies only to the "Party(ies) with Burden of Proof," that TEMEG bears the burden on infringement, and that GSH is therefore free of the first deadline altogether. (Doc. No. 25 at 4.) The argument fails for four reasons.

*First*, the Court has already rejected the premise that the rebuttal category is defined by who bears the burden of proof. The *Prida* plaintiff argued that a rebuttal expert may "address matters on which the opposing party bears the burden of proof, such as an affirmative defense." The Court held that "[t]he notion that a rebuttal expert may testify on any matter which the opposing party bears the burden of proof is at odds with the plain language of Rule 26(a)(2)(D)(ii)," which is tied to "evidence . . . identified by another party under Rule 26(a)(2)(B)

or (C)"—that is, to the opposing party's expert disclosures, not to its claims or burdens. 2026 WL 1382394, at *12. GSH's position is the mirror image of the argument *Prida* rejected: that GSH may serve as "rebuttal" any expert on an issue on which TEMEG bears the burden, whether or not TEMEG has disclosed an expert on that issue.

*Second*, GSH's reading leaves its own expert report with no deadline at all. By GSH's account, its report is not a burden-of-proof report (because GSH says it bears no burden), and under *Prida* it is not a rebuttal report (because there is nothing to rebut). GSH simultaneously insists—correctly—that the CMP displaces Rule 26's default timing. (*See id.*) The only reading that gives every expert report a place in the Court's sequence is the natural one: the first deadline governs affirmative expert reports, whichever party offers them, and the second governs true rebuttal. The "Party(ies) with Burden of Proof" label describes the ordinary case in which the claimant goes first; it does not create a loophole through which a non-burden party may serve affirmative expert evidence on the rebuttal date, immune from any response.

*Third*, GSH is, in any event, no stranger to the burden-of-proof deadline. GSH is a counterclaimant seeking affirmative declaratory relief, and it bears the burden on any affirmative defenses it has pleaded. The CMP's reference to "Party(ies)"—plural—contemplates exactly that. As TEMEG stated in the Fifth Joint Status Report, if the Court concludes that GSH bears the burden of proof on its counterclaim or any of its affirmative defenses, the result is the same: GSH's expert disclosures are due November 25, 2026, and TEMEG's rebuttal disclosures are due January 6, 2027. (*See* Doc. No. 25 at 5–6.)

*Fourth*, TEMEG's decision not to retain an affirmative expert is an ordinary litigation choice, not a tactic. Likelihood of confusion in this Circuit is assessed under the eight *Frisch's* factors, *Frisch's Rests., Inc. v. Elby's Big Boy of Steubenville, Inc.*, 670 F.2d 642, 648 (6th Cir. 1982), which are routinely proven through fact witnesses and documents; even survey evidence, while persuasive, "is not a prerequisite." *Kibler v. Hall*, 843 F.3d 1068, 1074 (6th Cir. 2016). But GSH's choice to retain an expert does not transform that expert's affirmative opinions into "rebuttal" because TEMEG declined to retain one, any more than the *Prida* defendant's choice to forgo an expert transformed the plaintiff's affirmative report into rebuttal.

## IV. <u>GSH'S READING WOULD DENY TEMEG ANY OPPORTUNITY TO RESPOND—THE PRECISE PREJUDICE THE COURT IDENTIFIED IN *PRIDA*.</u>

GSH contends that TEMEG is seeking "the last word" and notes that the CMP "did not provide for reply reports following rebuttal reports." (Doc. No. 25 at 4.) That has it backwards. TEMEG is not asking for a reply (sometimes also called a sur-rebuttal) report, which would follow a rebuttal. TEMEG asks only for the rebuttal report the CMP already provides: a report "intended solely to contradict or rebut" the affirmative expert evidence GSH serves. A rebuttal that follows an affirmative report is not a "last word"; it is the sequence the CMP and Rule 26(a)(2)(D) prescribe, and the sequence this Court enforced in *Prida*.

It is GSH's proposal that would confer an unanswerable last word. If GSH may serve an affirmative expert report on January 6, 2027, expert discovery closes fourteen days later, and dispositive motions follow within six weeks. There is no date on which TEMEG could disclose a

responsive expert. The Court identified exactly this prejudice in *Prida*, where the plaintiff served her affirmative report on the rebuttal date: "[t]he CMC Plan provided no additional dates that would have given [the defendant] the opportunity to respond," and the defendant was "deprived of the ability to respond . . . with its own expert rebuttal." 2026 WL 1382394, at *15. That consideration favored exclusion in *Prida*; here, it favors confirming the sequence now, before either party is prejudiced.

Nor is there any risk of the gamesmanship GSH posits. TEMEG accepts the narrow definition of rebuttal that *Prida* applied: any rebuttal expert TEMEG discloses on January 6, 2027 will be limited to the subject matter of the expert evidence GSH discloses, and will offer no affirmative opinions on matters GSH's expert does not address. If TEMEG were to exceed that limit, GSH would have the same remedy under Rule 37(c)(1) that the Court applied in *Prida*, where "forgiveness must be earned." *Id.* at *16. And GSH's contention that it cannot prepare its report until it has deposed TEMEG's fact witnesses is a question of scheduling, not sequencing: whatever dates the Court sets, affirmative reports should come first.

## V. <u>RELIEF REQUESTED</u>

TEMEG therefore respectfully requests that the Court confirm that: (a) any expert GSH intends to offer on infringement, non-infringement, or likelihood of confusion—including any consumer survey—is affirmative expert evidence that must be identified, and the report served, by the deadline in paragraph (4) of the CMP (currently November 25, 2026); (b) TEMEG may identify rebuttal expert(s) and serve rebuttal reports on the deadline in paragraph (5) of the CMP (currently January 6, 2027), limited to rebutting the expert evidence GSH discloses; and (c) an expert report served for the first time on the rebuttal deadline that does not respond to a previously disclosed expert report is not a rebuttal report under Rule 26(a)(2)(D)(ii) and the CMP.

Alternatively, should the Court be inclined to allow GSH to defer its expert disclosure to the January 6, 2027 rebuttal deadline, TEMEG requests that the CMP be modified to permit TEMEG to serve a sur-rebuttal report, limited to the subject matter of GSH's report, within thirty days after GSH's disclosure, with expert discovery and the dispositive-motion deadlines extended accordingly. Thirty days is the period Rule 26(a)(2)(D)(ii) allows for responsive disclosures, and *Prida* confirms that a party served with an expert report on the rebuttal deadline has no response "[a]bsent requesting leave" for a further report. 2026 WL 1382394, at *15. TEMEG makes that request now so that, whichever sequence the Court adopts, neither party is left with an expert report it cannot answer.

Respectfully submitted,

**EMERSON, THOMSON & BENNETT, LLC**

*<u>/s/ John M. Skeriotis</u>*
John M. Skeriotis

cc: Laura L. Myers, Esq. and Tracey L. Turnbull, Esq., counsel for Defendant (via CM/ECF)