**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| TEMEG HOLDINGS, INC., Plaintiff, | ) | CASE NO. 5:26-cv-18 |
| | ) | CHIEF JUDGE SARA LIOI |
| vs. | ) | **ORDER AMENDING SECOND CASE MANAGEMENT CONFERENCE PLAN** |
| GEM SPECIALTY HEALTH, INC., Defendant. | ) | |

On November 6, 2026, plaintiff TEMEG Holdings, Inc. ("TEMEG"), and defendant GEM Specialty Health, Inc. ("GEM"), filed letter briefing on a dispute concerning expert deadlines. (Doc. Nos. 26, 27) TEMEG does not foresee offering an affirmative expert in this case. (Doc. No. 25, at 4–6; Doc. No. 26, at 1; Doc. No. 27, at 1.) It argues that, if GEM intends to offer its own expert, GEM must identify that expert and provide its report by November 25, 2026, the current deadline for the party(ies) with the burden of proof to identify expert(s) and provide reports. (Doc. No. 27, at 3.) TEMEG contends that, if TEMEG does not offer an affirmative expert, the rebuttal expert deadline would not apply to GEM because GEM would have no expert to rebut. (*Id.* at 2–4 (citing *Prida v. Option Care Enters., Inc.*, No. 5:23-CV-905, 2026 WL 1382394 (N.D. Ohio May 18, 2026)). GEM's letter does not seem to dispute this point. (*See* Doc. No. 26.) Instead, GEM proposes a revised schedule with new deadlines for affirmative experts offered by either party and

a deadline for rebuttal experts to follow. (*Id.* at 2.) GEM says that it "cannot accurately assess for what issues it needs an expert, if any, until the outstanding TEMEG discovery is complete." (*Id.*)

The Court agrees with TEMEG that, if TEMEG does not offer an expert, the deadline for rebuttal experts does not apply to GEM. A rebuttal expert opinion is "intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C)[.]" Fed. R. Civ. P. 26(a)(2)(D)(ii). As this Court recognized in *Prida*, "[i]t is well-established that rebuttal expert reports must be directly responsive to an opponent's expert's opinions." *Prida*, 2026 WL 1382394, at *12 (collecting cases). Put simply, if an opposing party has not filed an expert report, there is no expert report to rebut. *See id.*

Nevertheless, to clarify the existing schedule and account for the extension of fact discovery, the Court adopts the following case management schedule. It includes revised deadlines for the disclosure of "affirmative" and rebuttal experts, all agnostic to who holds the burden of proof. The Court reminds the parties that any rebuttal expert opinions must stay within the confines of Rule 26(a)(2)(D)(ii).

- Deadline for completing non-expert discovery: December 22, 2026
- Telephonic Status Conference: December 23, 2026, at 11:00 a.m.
- Deadline to identify affirmative experts and provide reports: January 6, 2027
- Deadline to identify rebuttal experts and provide reports: February 3, 2027
- Deadline for completing expert discovery: February 12, 2027
- Deadline for filing dispositive motions: February 19, 2027
- Deadline for filing oppositions to motions: March 19, 2027
- Deadline for filing replies to responses: April 5, 2027

- Final Pretrial Conference: June 16, 2027, at 1:00 p.m.
- Jury Trial: Two-week standby period beginning July 12, 2027, at 8:00 a.m.

**IT IS SO ORDERED**.

Dated: November 10, 2026

**HONORABLE SARA LIOI**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**